## Continental-Equitable Title and Trust Company v. The Equitable Trust Company of Philadelphia.

*Equity—Trade name—Name of corporation—Injunction—Decree—Equity rules.*

1. Where a corporation entitled "The Equitable Trust Company" merges with a corporation entitled "The Continental Title and Trust Company," under the name of "Continental-Equitable Title and Trust Company," the consolidated corporation will be entitled to enjoin a company subsequently incorporated as "The Equitable Trust Company of Philadelphia" from using that name or from using the word "Equitable" in any corporate title it may adopt, if it is found on sufficient evidence that the corporate title of the defendant tends to produce confusion in the mind of the public and injure the plaintiff in its business.

2. The trial judge in an equity case may, under Equity Rule 73, direct counsel to prepare and present a form of decree in conformity with the findings of the court.

3. Facts found by the chancellor, if based upon competent and sufficient evidence, will be sustained by the court.

Exceptions to findings of fact and conclusions of law. C. P. No. 5, Phila. Co., Sept. T., 1925, No. 13089, in Equity.

*Ira Jewel Williams (Brown & Williams* with him), for plaintiff.

*William N. Trinkle (Bell, Trinkle, Truscott & Bell* with him), for defendant.

MARTIN, P. J., Jan. 9, 1928.—The Equitable Trust Company was incorporated Dec. 17, 1889.

The Continental Title and Trust Company was incorporated Feb. 1, 1898.

The Continental Title and Trust Company merged with The Equitable Trust Company on Feb. 16, 1912, and the business of the two companies has continued since that time under the title of the Continental-Equitable Title and Trust Company.

On Sept. 11, 1925, the defendant was chartered as "The Equitable Trust Company of Philadelphia" for the purpose of conducting a business similar in character to that carried on by the Continental-Equitable Title and Trust Company.

The bill in equity in this case was filed by the Continental-Equitable Title and Trust Company, praying for an injunction to restrain the defendant, "The Equitable Trust Company of Philadelphia," from doing business under the name or corporate title of "The Equitable Trust Company of Philadelphia."

An answer was filed, averring that The Equitable Trust Company was not the plaintiff and no longer existed in law or in fact, and that the "Continental-Equitable Title and Trust Company" was a different corporation easily distinguishable from "The Equitable Trust Company of Philadelphia."

A replication was filed, and the case proceeded to trial.

Witnesses were heard and the chancellor found as a fact that, upon the merger of the two corporations, the "Continental-Equitable Title and Trust Company" became the successor to and possessor of all rights, privileges and franchises previously vested in or belonging to each of the merged companies; that, prior to the merger, "The Equitable Trust Company" was made trustee under certain corporate trusts and mortgages, and interest coupons payable thereunder have been presented to and paid by the plaintiff, and it is highly probable that coupons will be deposited for collection from time to time as they fall due in banks in this city and elsewhere; that the "Continental-Equitable Title and Trust Company" is generally recognized and known by

those who were formerly associated with or accustomed to dealing with "The Equitable Trust Company," and by others engaged in business of a similar character to that of "The Equitable Trust Company," by the latter name, and as successor to the rights and franchises thereof; that printed checks bearing the name "Equitable Trust Company" have been, from time to time and within the year preceding the hearing of this case, put in circulation, presented for payment and have been paid by the "Continental-Equitable Title and Trust Company;" that these checks were drawn on accounts maintained with the plaintiff by patrons who dealt with The Equitable Trust Company prior to the merger; that many title insurance policies on mortgages issued by The Equitable Trust Company are from time to time assigned and transferred to new holders and continue under the name of the "Equitable Trust Company;" that bonds in which The Equitable Trust Company is named as surety are outstanding and entered in the courts of Philadelphia County, and in all of them the plaintiff is bound in consequence of the merger; that the "Continental-Equitable Title and Trust Company" has, during the past year, received, through the mail and otherwise, communications addressed to the Equitable Trust Company intended for the merged corporation, and has received through the mail communications addressed to the "Equitable Trust Company of Philadelphia" intended for the plaintiff, and communications are received by the plaintiff intended for "The Equitable Trust Company of Philadelphia," the defendant; that two letters of the latter class were important official communications from the Auditor General's Department and from the Department of Banking of the State of Pennsylvania; that there is confusion in the delivery of important official communications through the mail as a result of the similarity of name of the plaintiff and the defendant company; that plaintiff, by virtue of its rights as successor to "The Equitable Trust Company," has qualified under various wills in which the latter corporation was named as executor or trustee, and accounts in the Orphans' Court and the Courts of Common Pleas are filed by "The Equitable Trust Company," the accountant, stated by the "Continental-Equitable Title and Trust Company." The "Continental-Equitable Title and Trust Company" has in its possession numerous wills executed prior to the merger in which The Equitable Trust Company is designated as executor or trustee. These wills remain in plaintiff's custody for the purpose of probate, that plaintiff may qualify as occasion requires.

The chancellor found as a fact that the use by "The Equitable Trust Company of Philadelphia" of its corporate title will tend to produce confusion in the mind of the public, and that the natural tendency of such use, irrespective of the intent of the defendant, will be to injuriously affect the identity and interests of the plaintiff; and, as a conclusion of law, that the appropriation by defendant of the name "Equitable Trust Company of Philadelphia" is a violation of the rights of the "Continental-Equitable Title and Trust Company," which should be enjoined by reason of the confusion it will create in the minds of the public and people dealing with plaintiff, and as likely to deprive plaintiff of business which it would otherwise obtain.

Counsel was directed to prepare a form of decree, which was subsequently prepared, submitted to the chancellor, approved by him and filed as the decree *nisi.*

Defendant filed fourteen exceptions.

The first exception is to the action of the trial judge in permitting counsel to prepare and present a form of decree in conformity with the findings of fact and conclusions of law.

Continental-Equitable Title and Trust Co. *v.* The Equitable Trust Co. of Phila.

This decree, when prepared and submitted, was adopted by the chancellor, signed and filed as his decree.

Rule 73 of the Rules of Equity Practice directs: "When a cause is ripe for a decree, it shall be entered by the prothonotary, as of course, in the form prepared by the court, if any; otherwise it shall be drawn by counsel for the successful party."

The second exception is directed to the failure of the prothonotary to notify defendant of the filing of the decree. Defendant was notified and ample opportunity was afforded him to object or except to the form of the decree.

The third exception is also directed to the failure to give formal notice of the entry of the decree, but it is admitted that counsel of record for the defendant received a letter from counsel for plaintiff, with a copy of the decree enclosed.

The fourth, fifth, sixth and seventh exceptions object that there is no basis in the findings of fact and conclusions of law upon which to rest the injunction against the use by defendant of the word "Equitable" as decreed in paragraph one of the decree *nisi*.

The facts found by the chancellor, based upon the evidence submitted to him, warranted the injunction to afford plaintiff the relief to which it was entitled. It was proper to enjoin defendant from "doing any business under the name of, or corporate title of The Equitable Trust Company of Philadelphia, or using the word 'Equitable' in any combination with other words in its corporate title." It was the word "Equitable" that the chancellor found created confusion and interference with the business conducted by the plaintiff.

The tenth exception objects to the finding as a fact that there has been confusion in the delivery of important official communications through the mail. This finding was supported by specific evidence proving the finding of the chancellor.

The eleventh exception objected to the finding of fact that plaintiff, by virtue of its rights as successor to The Equitable Trust Company, states and files accounts in the Orphans' Court for The Equitable Trust Company. This fact was also proved by the testimony.

The twelfth exception objected to the finding of fact that the use by defendant of the name The Equitable Trust Company of Philadelphia resulted in confusion in the delivery and receipt of mail. This finding was supported by the uncontradicted evidence.

The thirteenth exception objected to the finding of fact that the similarity of the names would tend to confusion in the presentation for payment of coupons detached from bonds in which the office of The Equitable Trust Company is designated as the place of payment. There was no testimony offered to refute this finding.

The fourteenth exception objects to the form of the decree *nisi*. There is nothing in the decree that is not necessary under the facts proved to protect the rights of the plaintiff and its business.

These exceptions are dismissed.

The eighth, ninth and ninth and a-half exceptions object to that part of the discussion of the chancellor referring to a change in the title of the defendant after the present proceeding had been instituted. It appears from the record that defendant attempted to introduce this fact by filing an amended answer to the bill in equity, and that plaintiff moved to strike off the amended answer, which motion was granted.

The chancellor found there is nothing to prevent defendant from reamending its new name to its old title, for there has not been filed of record any

disclaimer of the right to use the old title, nor is there any binding assurance that defendant will not readopt the old name. Defendant objected to this finding on the ground that, on plaintiff's motion to strike from the record the report made by defendant to the court, the defendant expressly stated that it had absolutely and unconditionally abandoned the name of The Equitable Trust Company of Philadelphia, or the right to return to that name, and as defendant was estopped by the answer filed, although struck off, from using the old title, and defendant declares in the ninth and a-half exception that it is not in a position to except and does not except to the injunction which, according to said adjudication, the learned chancellor has, in the exercise of his legal discretion, found and determined should be issued against the use by defendant of said formal name or corporate title, viz., The Equitable Trust Company of Philadelphia; but it does except to that part of the decree *nisi* which perpetually restrains and enjoins the defendant from using the word "Equitable" in any combination with other words in its corporate title.

These exceptions state in another form exceptions which are included in other exceptions heretofore considered and are not sustained.

And now, to wit, Jan. 9, 1928, the exceptions filed by defendant are dismissed.